goettman v. continental rehab

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-446-CV

RANDALL EUGENE GOETTMAN APPELLANT

V.

CONTINENTAL REHAB OF W.F., INC. D/B/A 

WICHITA FALLS REHABILITATION HOSPITAL

AND HEALTHSOUTH CORPORATION D/B/A 

REHABILITATION HOSPITAL OF WICHITA FALLS,

KAY MCILWAIN, AND KATHLEEN PURTLE APPELLEES

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant Randal Eugene Goettman appeals from the trial court’s summary judgments in favor of appellees Continental Rehab of W.F., Inc. d/b/a Wichita Falls Rehabilitation Hospital, Healthsouth Corporation d/b/a Rehabilitation Hospital of Wichita Falls, Kay McIlwain, and Kathleen Purtle.  In his sole issue, he contends the trial court erred in granting appellees’ motions for summary judgment.  We affirm.

Appellant’s entire argument is as follows:

The trial court erred in consolidating cause numbers 150,096-B and 150,522-C because all of Judge Sparkman’s actions were void since his associate, Hank Rugeley was involved in behalf of one of the Appellees.

There were genuine triable issues of material fact for resolution by the trier of fact and the case should never have been removed from the consideration of the trier of fact.  The Motions for Summary Judgment should have been denied.

The trial court in this case entered two orders granting summary judgment, each on various grounds and causes of action and to different defendants.  Appellant has not indicated which rulings in the orders he is challenging.  Appellant cites no legal authority for his contentions, nor does his brief contain a clear and concise argument for the contentions made.  
See
 
Tex. R. App. P.
 38.1(h).  He also does not direct this court to the parts of the record showing genuine issues of material fact, nor does he identify the “genuine triable issues of material fact.”  
See
 
Tex. R. App. P.
 38.1(f), (h).  Appellant also appears to be challenging the consolidation of cases in this appeal, which he did not raise as an issue to be addressed by this court.  
See
 
Tex. R. App. P.
 38.1(e).  Because appellant has inadequately briefed his issue on appeal, we overrule it without addressing the merits.  
See Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994); 
see also
 
Thedford v. Union Oil Co.
, 3 S.W.3d 609, 615 (Tex. App.—Dallas 1999, pet. denied) (“Bare assertions of error, without citations to the record or to authority, waive error.”). 

We affirm the trial court’s judgment.  

SAM J. DAY

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DELIVERED: July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.